UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DEBORAH A. AYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3:08-CV-221 |
| | ) (PHILLIPS/SHIRLEY) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion for Summary Judgment [Doc. 11] and the defendant's Motion for Summary Judgment. [Doc. 13] Plaintiff Deborah Ayers ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.
>
> 2. The claimant has not engaged in substantial gainful activity since June 30, 2004, the alleged onset date (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq).
>
> 3. The claimant has the following severe impairments: musculoskeletal impairments related to her back and neck pain; depression; and anxiety (20 CFR 4014.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed

impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform simple, routine, repetitive tasks that is not precluded by the restrictions indicated by Dr. Blickenstaff, as described above; that allows a sit/stand option; and that does not require interaction with the general public.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on May 29, 1975, and was 29 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963) .

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.960(c), and 416.966).

11. The claimant has not been under a disability as defined in the Social Security Act, from June 20, 2004, through the date of this decision (20 C.F.R. § 404.1520(g) and 416.920(g)).

[Tr. 17-23].

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to evaluating whether substantial evidence supports the ALJ's conclusion and whether the ALJ applied proper legal standards. Key v. Callahan, 109 F.3d 273 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). To determine whether substantial evidence exists, the Court must review the administrative record as a whole. Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994). Reversal of the Commissioner's findings is not appropriate "merely because there exists in the record substantial evidence to support a different conclusion." Buxton v. Halter, 246 F.3d 762, 772 (6th Cir. 2001); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (holding that, in a close case, unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). The Court may not review the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). Failure to raise specific issues before the court constitutes a waiver of those issues on appeal. See, e.g., Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 491 (6th Cir. 2006) ("we decline to formulate arguments on [plaintiff's] behalf, or to undertake an open-ended review of the entirety of the administrative record . . . . Rather, we limit our consideration to the particular points that [plaintiff] appears to raise in her brief on appeal.").

A claimant is entitled to disability insurance payments if the claimant (1) is insured for disability insurance benefits, (2) has not attained retirement age, (3) has filed an application for disability insurance benefits, and (4) is under a disability. 42 U.S.C. § 423(a)(1). "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any

3

Case 3:08-cv-00221-TWP-CCS   Document 15   Filed 07/07/09   Page 3 of 8   PageID #: 59

other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423 (d)(2)(A).[1]  Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof during the first four steps. Walters, 127 F.3d at 529.  The burden shifts to the Commissioner at step five.  See id.

---

[1] A claimant is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability.  42 U.S.C. § 1382.  "Disability," for SSI purposes, is defined the same as under § 423. 42 U.S.C. § 1382c(a)(3).

4

Plaintiff argues on appeal that substantial evidence did not support the decision of the ALJ because the ALJ erred in finding that Plaintiff's anxiety attacks did not cause her to suffer repeated episodes of decompensation, each of an extended duration, and further erred by determining that Plaintiff did not satisfy the criteria of listing 12.06 Anxiety Related Disorders. [Doc. 12] The Commissioner contends that substantial evidence supports the ALJ's decision regarding the issues presented on appeal by Plaintiff, arguing that even if Plaintiff were found to suffer from repeated episodes of decompensation, she still would not satisfy the requirements of listing 12.06. [Doc. 14]

As the Court noted above, at step three of the five step disability evaluation process, if a claimant is found to suffer from a severe impairment that meets or equals a listed impairment, the claimant is considered disabled. 20 C.F.R. § 404.1520. In this case, Plaintiff contends that the ALJ erred by finding that her condition did not meet or equal listing 12.06 Anxiety Related Disorders. Listing 12.06 states, in pertinent part, that:

> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in both A and C are satisfied.
>
> A. Medically documented findings of at least one of the following:
>
> 1. Generalized persistent anxiety accompanied by three out of four of the following signs or symptoms: a. Motor tension; or b. Autonomic hyperactivity; or c. Apprehensive expectation; or d. Vigilance and scanning; or
>
> 2. A persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation; or
>
> 3. Recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week; or

5

> 4. Recurrent obsessions or compulsions which are a source of marked distress; or
>
> 5. Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress;
>
> AND
>
> B. Resulting in at least two of the following:
>
> 1. Marked restriction of activities of daily living; or
>
> 2. Marked difficulties in maintaining social functioning; or
>
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
>
> 4. Repeated episodes of decompensation, each of extended duration.
>
> OR
>
> C. Resulting in complete inability to function independently outside the area of one's home.

20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.06. Thus, to satisfy listing 12.06, Plaintiff must satisfy the requirements of paragraphs A and B or of paragraphs A and C. On appeal, Plaintiff does not take issue with the ALJ's finding that she did not satisfy the requirements of paragraph C, thus, the Court need only consider whether the ALJ erred in finding that Plaintiff did not satisfy the requirements of paragraph B.

In determining whether Plaintiff met the requirements of paragraph B, the ALJ held that "the claimant's anxiety and depression results in no greater than mild restriction in her activities of daily living; mild to moderate difficulties in social functioning; mild difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation," and thus that Plaintiff did not satisfy the requirements of Paragraph B. [Tr. 20]

Case 3:08-cv-00221-TWP-CCS   Document 15   Filed 07/07/09   Page 6 of 8   PageID #: 62

Plaintiff alleges only that the ALJ erred by finding that she did not suffer from repeated, extended episodes of decompensation. However, such a finding alone is insufficient to satisfy the requirements of paragraph B. Rather, to satisfy the requirements of paragraph B, Plaintiff must meet at least two of the paragraph B limitations, not just the sole limitation of repeated, extended episodes of decompensation argued for by Plaintiff. The record does not support such a finding, nor has Plaintiff even argued on appeal that she meets both the decompensation limitation and another of the remaining three Paragraph B marked limitations.

A review of Plaintiff's medical records reveals no finding by a medical professional that Plaintiff suffers from marked restriction of activities of daily living, marked difficulties in maintaining social functioning, or marked difficulties in maintaining concentration, persistence, or pace. Rather, the records show that Plaintiff suffers only from mild or moderate limitations in those areas, not marked. [Tr. 221] Thus, even if Plaintiff suffered from repeated, extended episodes of decompensation, in the absence of a finding of marked limitations in one of the remaining three paragraph B criteria, Plaintiff cannot show that she meets at least two of the paragraph B criteria, and therefore does not satisfy the requirements of paragraph B, nor of listing 12.06. Therefore, the Court finds that substantial evidence supports the ALJ's determination that Plaintiff did not satisfy the requirements of listing 12.06 and the ALJ's ultimate determination that Plaintiff is not disabled.

For the reasons stated herein, it is hereby **RECOMMENDED**[2] that Plaintiff's motion [Doc. 11] be **DENIED** and that the Commissioner's motion [Doc. 13] be **GRANTED**.

Respectfully submitted,

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).